IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

```
SOUTHERN DISTRICT OF MISSISSIPPI
          F I L E D

       JAN 1 1 2023

        ARTHUR JOHNSTON
BY_____ DEPUTY
```

UNITED STATES OF AMERICA

v.                                        CRIMINAL NO. 3:22cr131CWR-FKB

PARTRIDGE-SIBLEY INDUSTRIAL SERVICES, INC.

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America, and defendant Partridge-Sibley Industrial Services, Inc. ("PSI") through

their undersigned attorneys agree as follows:

### I.        Obligations of the Parties

1.       Defendant PSI agrees to plead guilty to Count 1 of a ten-count misdemeanor

Information charging the corporation with violating the Clean Water Act, in violation of Title 33,

United States Code, Section 1319(c)(1)(A), and Title 40, Code of Federal Regulations, Section

403.5(b)(8).  Specifically, defendant PSI agrees to plead guilty to negligently introducing and

causing to be discharged trucked and hauled pollutants, specifically industrial waste, into the

Jackson Wastewater Treatment System ("JWTS").

2.       Defendant PSI acknowledges that it understands the nature and elements of the

offense with which it has been charged and to which it agrees to plead guilty.  The defendant

waives its right to have a separate sealed plea supplement as provided by Local Rule 49.1(B)(2).

3.       Defendant PSI agrees to pay the penalties and costs set forth herein and

otherwise to fulfill the sentence proposed in this Agreement should it be ordered and imposed

by the Court.

4.     The United States Attorney's Office for the Southern District of Mississippi ("the Government") will (a) recommend that the Court accept the defendant's plea of guilty to Count 1; (b) recommend that the Court sentence the defendant as set forth below; (c) inform the United States Probation Office and the Court of this Agreement, the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which the government or the Court deems relevant to sentencing; and (d) move to dismiss the remaining counts at the time of sentencing.

## II.     Conditions and Waivers

5.     Defendant PSI acknowledges that the sentence the parties propose to the Court in this Plea Agreement is only a recommendation that the Court may accept or reject and that the Court may impose some other sentence that it determines to be just.

6.     Defendant PSI understands that, pursuant to U.S.S.G. § 8C2.10, the penalty that may be imposed for its plea of guilty to Count 1 of the ten-count Information is to be determined based on the factors set forth in 18 U.S.C. §§ 3553 and 3572.  As 18 U.S.C. § 3571(c)(5) authorizes, PSI is subject to a $200,000 fine for its commission of a Class A misdemeanor, as charged in Count 1.  Alternatively, in accordance with 18 U.S.C. § 3571(c)(1) and (d), the maximum penalty is twice the gain to the defendant resulting from the offense, as prescribed by 33 U.S.C. § 3571(d).  As further provided by 33 U.S.C. § 1319(c)(1), the offense is punishable by fine of not less than $2,500 nor more than $25,000 pr day of violation.

7.     Defendant PSI acknowledges that in pleading guilty to Count 1, it is giving up the right: (a) to plead not guilty and to persist in that plea; (b) to have its guilt or innocence determined by a jury after it has considered the evidence presented at trial; (c) to confront and cross-examine adverse witnesses; (d) to testify and to present evidence; (e) and to compel the attendance and testimony of witnesses.

8.      The Information setting forth the charges is incorporated by reference into this Plea Agreement. By entering into this Plea Agreement, defendant PSI admits to the facts alleged in Count 1 of the Information, that it is in fact guilty of this offense.

9.      If the guilty plea is entered and defendant PSI fulfills all of the terms of this Plea Agreement, the United States will not file any additional criminal charges against the defendant or any of its current and former officers, employees, or directors, arising from the facts set forth in the Information.

10.     Defendant PSI understands and acknowledges that it is entering into this Plea Agreement and is pleading guilty freely and voluntarily because it is guilty and that its plea has not been induced by any threat, coercion, or intimidation of any kind. Defendant PSI acknowledges complete satisfaction with the representation of its counsel and the advice it has received in connection with this Plea Agreement.

11.     Having agreed to plead guilty to Count 1 of the ten-count Information, defendant PSI acknowledges that it is not a prevailing party as defined in 18 U.S.C. § 3006A (statutory note captioned "Attorney Fees and Litigation Expenses to Defense") and hereby expressly waives its right to sue the United States for its prosecution in this case.

12.     No additional promises, agreements, or conditions have been made concerning to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all parties to this Agreement.

13.     Defendant PSI and its officers agree to continue to provide truthful and complete information to federal authorities concerning all matters pertaining to the charges to which it has agreed to plead guilty and agree to cooperate fully with the government in providing assistance and truthful information and testimony in any investigation and prosecution the government undertakes relating to the charges at issue here.

14.    Defendant PSI understands that this Agreement does not protect it or any of its officers or employees from prosecution for perjury should an authorized representative of PSI testify untruthfully or for making false statements nor does it protect these parties from prosecution for other crimes or offenses which the United States discovers by independent investigation.  Further, should the defendant fail to comply fully with the terms and conditions set forth herein, this Agreement is voidable at the election of the United States, and the defendant may be subject to prosecution as if the Agreement had never been made.

### III.    Recommended Sentence

15.    The parties hereby agree to recommend the following sentence that the parties submit is just and equitable and an appropriate punishment for the crimes set forth in the accompanying Information to which defendant PSI has agreed to plead guilty:

(a)    Defendant PSI shall pay a penalty to the United States in the amount of $200,000.00 that is due immediately; in the event PSI is unable to pay the fine immediately, PSI shall make monthly installments in the amount of $2,000, to begin 60 days following sentencing.  Interest is waived on the fine.  In the event the full amount is not paid in full before the end of probation term, the defendant is ordered to enter into a written agreement with the Financial Litigation Unit of the U.S. Attorney's Office for payment of the remaining balance.

(b)    Consistent with 18 U.S.C. § 3561(c)(2), defendant PSI shall be subject to one year of probation, which shall include the following conditions:

(i)    The defendant shall not commit another federal, state, or local crime.

(ii)    The defendant shall notify the probation officer within seventy-two hours of any criminal prosecution against the defendant.

(iii)    The defendant shall answer truthfully all inquiries by the probation officer.

4

(iv)   The defendant shall give ten days' prior notice to the probation officer of any intended change in principal business location or mailing address.

(vi)   The defendant shall notify the Court, the U.S. Probation Office, and the U.S. Attorney's Office Financial Litigation Unit of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine and other financial obligations set forth herein.

(vii)   The defendant shall pay the fine set forth above.

(c)   The Courts shall maintain jurisdiction over this case for a period sufficient to assure compliance with this sentence.

16.     Prior to or at the time of sentencing, defendant PSI will pay a special assessment of $125.00 as required in 18 U.S.C. § 3013(a)(1)(B)(iii).  This payment shall be made to the United States District Court, at the Clerk's Office, 501 E. Court St., Suite 2.500, Jackson, Mississippi 39201.  The defendant will furnish to the Government a receipt or other evidence of payment at the time of sentencing.

GLENN GATES TAYLOR
Authorized Agent

Date: 1-11-2023

JOHN A. HORN
GLENN GATES TAYLOR
Counsel for Corporation

Date: 1-11-2023

DARREN J. LaMARCA
United States Attorney

GAINES H. CLEVELAND
Assistant United States Attorney

Date: 1/11/23